UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:06-cr-0022-WTL-DML |
| | ) | |
| ORLANDO MARTIN, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On July 5, 2018, the Court held a hearing on the Petitions for Warrant or Summons for Offender Under Supervision filed on October 26, 2017, and May 29, 2018. [Docket Nos. 11, 29.] Defendant Martin appeared in person with his appointed counsel Dominic Martin. The government appeared by Nicholas Linder, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Ryan Sharp.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Martin of his rights and provided him with a copy of the petitions. Defendant Martin orally waived his right to a preliminary hearing.

2. Government dismissed violations 1-5. [Docket No. 11.]

3. After being placed under oath, Defendant Martin admitted violations 6 and 7. [Docket No. 29.]

4. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 6 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| | On May 17, 2018, Mr. Martin submitted a urine sample which tested positive for cocaine. When confronted with the results, he denied using cocaine. |
| 7 | **"You shall reside in a residential reentry facility for a term of up to 180 days. You shall abide by the rules and regulations of the facility."** |
| | On March 14, 2018, Mr. Martin was released from custody and reported to the Residential Reentry Center located at the Volunteers of America. Since his arrival, he had several incidents of non-compliance. The two most notable incidents involve Mr. Martin being out of place for several hours. On March 30, 2018, he was scheduled to return back to the facility at 4:00 p.m.; however, he did not return until 8:00 p.m. He was placed on lockdown status for a week as a sanction. The second major incident occurred on May 17, 2018. He was scheduled to return from a pass at 5:00 p.m.; however, he returned at 10:00 p.m. He claimed he was at the hospital visiting his sister, but was unable to verify. He submitted a urine sample upon his return to the facility, and it tested positive for cocaine (allegation #6). |

5. After a hearing, the Court found Defendant Martin guilty of violations 6 and 7. [Docket No. 29.]

6. The parties stipulated that:

 (a) The highest grade of violation is a Grade B violation.

 (b) Defendant's criminal history category is 4.

 (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 12 to 18 months' imprisonment.

7. The parties jointly proposed a sentence of twelve (12) months and one (1) day incarceration followed by no supervision.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months and one (1) day with no supervised release to follow.

The Defendant is remanded to the custody of the U.S. Marshal pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Date: 7/11/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal